Taylor, C. J.
The principle which has been so fully illustrated by the defendant’s counsel is doubtless a correct one, and is well established by the authorities cited. But whether a deed be made between parties, and who the parties are, must depend on a proper construction of the deed; and when we have once ascertained who the parties are, it follows that a stranger cannot sue on a covenant contained in it, though made for his benefit. The United States cannot be considered as strangers to this deed, because they are formally, as well as substantially, made parties to it; formally, since it is made by the defendants of the one part, and a public officer, a special agent for the United States, of the other part; substantially, because it relates altogether to the carrying on of a public work, in which the agent as an individual cannot possibly have a personal interest.— Indeed the observations made by the court in the case of Potts v. Lazarus, decided at the present term, apply fully to this case; for if Lazarus was not a party to that deed, the reasons leading to that conclusion must also prove that *89 the United States are a party to the deed in question. As to an agent’s liability to be sued, the case of a public agent is stronger than that of a mere private one, because the former is never held liable where it appears that he contracted on the behalf of government; though cases have occurred in which a private agent has been held liable to an action, in consequence of the peculiar and express terms of the contract he has entered into. We are of opinion that the demurrer must be overruled.